## Case No. 9,393a.

### MEERSE v. ALLEN.

[Betts, Scr. Bk. 599.]

Circuit Court, S. D. New York.  Oct. 14, 1859.

PLEADING IN EQUITY—PATENTS—INFRINGEMENT—MULTIFARIOUSNESS—AVERMENT OF TITLE.

[1. A bill in equity to restrain infringement of patents is not demurrable for multifariousness, because charging that defendant's machine contains all the improvements contained in complainant's several patents, thereby infringing the same.]

[2. Complainant on such a bill need not set forth a deduction of title to the patents by numerous assignments, a simple averment that the title was vested in him is sufficient.]

[This was a bill in equity by Joel Meerse and others against R. L. Allen. Defendant demurs to the bill.]

NELSON, Circuit Justice. First. This is a demurrer to a bill in equity filed to restrain the defendant from the infringement of several patents for improvements in a reaping machine. The demurrer is grounded mainly upon the multifariousness of the matters set forth in the bill, namely, four distinct and several patents for as many improvements entering into the construction of what is claimed to be a perfect reaper. These improvements as patented are not limited to the improvement of any particular machine, but are intended to be used in any or all the variety of instruments of this class. Nor do all of them enter into the construction of the machine as necessarily connected together in practical operation and use; any one or more of them may be omitted. Hence it is argued that the bill sets up distinct and independent matters wholly unconnected, and in which the defendant is compelled in his answer to unite different and distinct matters pending upon different and distinct proofs, thus complicating and embarrassing the defence. It is undoubtedly true that four different claims set forth in the bill upon which the defendant is sought to be enjoined, and for the alleged infringements of which damages are claimed, call for separate and distinct defences, and the objection to the bill on the ground of multifariousness in a general sense, would seem to be well founded, within the settled rules of equity pleading. But on looking at the case made in the bill, we are inclined to think the objection not maintainable. The bill charges that the machine made and used by the defendants, sought to be enjoined, contains all the improvements embraced in the several patents, and hence the act of making, vending or using a single machine constitutes an infringement on all of them. The several improvements being capable of a combined use, and being thus connected by the defendant, the convenience of both parties, as well as a saving of expenses in litigation, would seem to be committed in embracing all the patents in one suit. A court of chancery allows distinct and separate causes of complaint between the same parties to be joined in one, in order to avoid multiplicity of actions, unless it is apparent that the defence will be seriously embarrassed by confounding different and unconnected issues and proofs in the litigation. In this case, although the defence as it respects the several improvements may be different and unconnected, yet, according to the allegations in the bill so far as the question of making or using a machine is concerned, the infringement of all of them is involved, and to this extent they are connected with each other. We agree if one of these improvements had been charged to have been used upon one machine and another upon a different machine there would have been much force in the objections taken to the bill. But in the respect in which the case is thus presented, we think them not well founded. It has not been unusual in actions at law, in case of alleged infringements of patents, to count upon two or more patented improvements upon the same machine.

Second. It is also objected that the bill does not set forth a complete title to the several patents in the complainants. The pleader has set a deduction of the title by numerous assignments which leave the question of title

exceedingly complicated, but as far as we have been able to look into it, we discovered no defect, we think this deduction of title unnecessary, and that a simple averment that the title to the patents was vested in the complainants would have been sufficient. Such an averment is found in this bill in addition to the special title set forth.

The demurrer is overruled and the defendants directed to answer.